MINNIE H. HULSE, ADMINISTRATRIX, RESPONDENT, v. RICHARD WADE KELLEY POST, ETC., ET AL., APPELLANTS.*

Kansas City Court of Appeals.   December 17, 1928.

468

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2605, p. 698, n. 19; section 3057, p. 1068, n. 22; Bills and Notes, 8CJ, section 1309, p. 1003, n. 86; Husband and Wife, 30CJ, section 506, p. 841, n. 76; Mortgages, 41CJ, section 498, p. 550, n. 29.

*E. C. Hamilton* for respondent.

*Strother, Campbell & Strother* for appellants.

FRANK, C.—This is a suit in equity asking that a deed of trust on certain lands securing a $6600 note, be declared a prior lien over another deed of trust on the same lands securing a $2000 note. The decree went in favor of plaintiff, and defendants appealed.

The facts are that defendant, Richard Wade Kelley Post, American Legion No. 380, which, for brevity, we will hereafter call Post, owned certain lands on which they desired to erect a Memorial Hall. Defendants, W. J. Frick, Archie M. Ehle and V. W. Perry were trustees of said Post, which was a voluntary unincorporated association. In order to raise money to build the hall, the trustees of the Post borrowed $5500 from Greenville Hulse, and, in their names as trustees, executed to said Hulse a note for that amount and secured it by a deed of trust on the property. After this $5500 deed of trust was recorded, more money was needed to complete the hall, and the trustees borrowed an additional $2000, for which they executed a note,

payable to Katherine Frick, wife of W. J. Frick, one of the trustees, and secured it by a second deed of trust on the same property. Defendant, Frank M. Frick, is named as trustee in this deed of trust.

After the $2000 second deed of trust had been recorded, the trustees approached Greenville Hulse, the man who had made the first loan of $5500, for the purpose of borrowing an additional $1100 with which to discharge a mechanic's lien in that amount, which had been filed against the building. Hulse made the $1100 loan by adding that amount to his first loan of $5500. In order to make the loan in this manner, the trustees executed a new note and deed of trust for $6600, then Hulse released the $5500 deed of trust and recorded the deed of trust securing the $6600 note. After these transactions were had, the record showed the deed of trust securing the $2000 Frick note, prior in point of time to the one securing the $6600 Hulse note.

Later, Hulse died and plaintiff brings this suit as administratrix of his estate.

The evidence of plaintiff is to the effect that Hulse had been informed that the trustees of said Post had executed and delivered to defendant, Katherine Frick, a note for $2000, and a second deed of trust on the Post's property to secure the note, and he so informed the trustees when they applied to him for the additional $1100 loan, and refused to make the additional loan on that account. Thereupon two of the trustees, W. J. Frick and V. W. Perry, represented and stated to Hulse, that the second deed of trust securing the $2000 Frick note had not been recorded, and if he would increase his loan $1100 by releasing his $5500 first deed of trust, the trustees would execute a new note and deed of trust for $6600, and the new deed of trust, when recorded, would be a first lien on the property, because the second deed of trust securing the $2000 Frick note had not been recorded; that relying upon said representations and believing them to be true, Hulse was induced to and did make the additional $1100 loan by releasing his $5500 first deed of trust and accepting from said trustees a new note for $6600, secured by a deed of trust which was thereafter duly recorded; that Hulse would not have made said additional loan but for the fact that he mistakenly believed that the second deed of trust securing the $2000 Frick note had not been recorded.

Defendant, W. J. Frick, one of the trustees of the Post, testified that at the time the additional loan of $1100 was made, it was his intention that the $6600 deed of trust should be a first lien on the property. He also testified that when the second deed of trust securing the $2000 Frick note was executed, he did not have it recorded but left it with the bank; that the bank had it recorded and he did not know when it was done.

470

The first contention is that the return of service did not give the court jurisdiction over the Post, and as the Post did not answer, the court erred in rendering judgment against it.

The pleadings and evidence of both parties show that the only controversial point in the case was, which of two deeds of trust was entitled to priority. The controversy was between the owners of these two deeds of trust. In this situation, the Post was not an indispensable or necessary party to the determination of the controverted point. The Post is not here complaining, and it is not a necessary party to the complete determination of the rights of the parties hereto. In this state of the record, appellants are in no position to complain because judgment was rendered without its presence. This conclusion renders the determination of appellant's contention on this point unimportant.

Contention is also made that the $6600 note and deed of trust securing it are void because it was not shown that the trustees had authority to execute them on behalf of the Post. The uncontradicted evidence shows that the $2000 note, and the second deed of trust securing it, were executed by the same trustees and under the same authority which prompted the execution of the $6600 note and the deed of trust securing it.

If the $6600 note and deed of trust securing it are void for want of authority in the parties executing them, the $2000 note and deed of trust are void for the same reason. As both notes and deeds of trust depend upon exactly the same source for their validity, it is unnecessary to determine the validity of either in order to decide which is entitled to priority. If the notes in question had not been executed by the same parties and under the same authority, and the $2000 note was conceded or shown to be valid, it would then be necessary to determine the contention as to the validity of the $6600 note, in order to determine the priority of the deeds of trust securing them. But such is not the situation. We have examined the authorities cited by appellants, and find that the point which determines the contention here made, was not there considered or decided. We rule this contention against appellants.

The next contention is that there is no evidence that Katherine M. Frick, the owner of the $2000 note and second deed of trust or Frank M. Frick, her trustee, knew that Hulse made the Post an additional loan of $1100 by releasing his $5500 first deed of trust and accepting a new note and deed of trust for $6600 in lieu thereof, or that she or her trustee talked with Hulse, or made any statements to him about the priority of the $6600 deed of trust over the $2000 deed of trust. We agree with this contention. There is no evidence in the record showing such facts. The petition alleges a mutual mistake as to the trustees of the Post and Hulse, the party making the $6600 loan. The allegation in this regard is as follows,

"Plaintiff further states that the representations so made by the defendant trustees, that the said second deed of trust so executed and delivered by them to the said Katherine M. Frick, had not been filed for record or recorded, were untrue and that the said defendant trustees, as well as the said Greenville Hulse, were mistaken with regard to the recording of said second deed of trust, and that but for said mistake the said Greenville Hulse would not have satisfied his said pre-existing deed of trust nor would he have loaned to the sai'l defendant trustees the additional sum of $1100."

The evidence is sufficient to sustain the allegation of a mutual mistake as to Hulse and the trustees. This situation, however, cannot aid the plaintiff because the mutual mistake of the trustees and Hulse cannot affect the status of Katherine Frick's $2000 deed of trust, for the reason that there was no evidence that she knew of, or participated in, the mutual mistake of Hulse and the trustees.

Plaintiff's contention on this point is, that W. J. Frick was the owner of the $2000 note, although it was made payable to his wife, Katherine Frick. From this basis, it is argued that although the $2000 deed of trust was executed and recorded prior to the execution and recording of the $6600 deed of trust, it is not entitled to priority, because Hulse was induced to release a $5500 first deed of trust, and accept and record the $6600 deed of trust in lieu thereof, by the mutual mistake of Hulse and W. J. Frick, the owners of the notes.

There would be merit in this contention if there was any substantial evidence that W. J. Frick was the owner of the $2000 note, or was acting for his wife, Katherine Frick, the payee of the note, at the time Hulse was induced to change his loan under the mistaken belief of both Frick and Hulse, that the $2000 deed of trust was not recorded, but there is no substantial evidence of either of these facts. The petition alleges that the $2000 note and deed of trust securing it were executed and delivered to Katherine Frick. She is named as payee in the note. In this situation, she is presumed to be the owner of the note until the contrary is made to appear. While the evidence of W. J. Frick as well as that of other witnesses show that he frequently referred to the $2000 note as *"my loan,"* yet these statements are not binding on Katherine Frick, or sufficient to overcome the facts of her ownership as evidenced by the execution and delivery of the note and deed of trust to her, as alleged in the petition. We rule this contention against appellant.

We might remark in passing that Hulse had knowledge of the $2000 second deed of trust at the time he made the additional loan of $1100. He could not make the $1100 additional loan prior to this second deed of trust, the existence of which he had knowledge, even though it had not been recorded, except by valid agreement with the owner of the second, or unless the additional loan was made under

conditions and circumstances which would estop the owner of the second deed of trust from claiming priority.

Contention is made that the court erred in admitting incompetent evidence. This point is not briefed, and no alleged incompetent evidence is pointed out. We will not grope through the record in an effort to determine whether or not there is a legitimate basis for the contention made.

The evidence is undisputed that Hulse had a first deed of trust for $5500 before he made the additional loan of $1100. No one would believe that he would release his first deed of trust, increase the loan to $6600, then knowingly accept a second deed of trust to secure it. If W. J. Frick owned the note, or if his wife Katherine Frick owned it, and her husband W. J. Frick was authorized to and did represent her at the time Hulse made the additional loan of $1100, a different question would be presented.

Judgment reversed and cause remanded. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.